UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MELISSA ROBERTS, *et al.*, ) | |
| ) | Case No. 5:23-cv-00247-GFVT |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| BLACKHAWK MINING, LLC, *et al.*, ) | **ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Remand to Breathitt Circuit Court filed by Plaintiffs.[1] [R. 7.] The Plaintiffs argue that the Defendants have not satisfied the requirements of diversity jurisdiction. [R. 7-1 at 1.]. The Defendants removed the case to this Court, arguing that Kentucky Power Company was fraudulently joined to destroy diversity jurisdiction. [R. 1 at 3.] Plaintiffs subsequently filed a Motion to Remand arguing that there is no diversity jurisdiction because Kentucky Power Company was not fraudulently joined, and the Amount in Controversy does not exceed $75,000. [R. 7-1 at 1.] Further, Plaintiffs request attorney's fees because Defendants "lacked an objectively reasonable basis for seeking removal." [R. 7-3 at 2.] The Court finds that Kentucky Power Company was not fraudulently joined. Therefore, this Court lacks the jurisdiction to hear the case. Accordingly, the Plaintiffs Motion for Remand **[R. 7]** is **GRANTED IN PART and DENIED IN PART**.

---

[1] This action is a companion case to, although not consolidated with, *The Estate of Nancy Cundiff, et al., v. Blackhawk Mining, LLC, et al.*, Case No. 5:23-cv-00246-GFVT.

**I**

Defendant Blackhawk Mining is a mining company that does business in Kentucky. Blackhawk Mining entered into a contractual relationship with Pine Branch Mining to engage in a strip-mining operation near the Plaintiffs' homes in Breathitt County. In July 2022, there was extreme flooding in Breathitt County. Both Blackhawk and Pine Branch operated several silt ponds. The Plaintiffs allege that the silt ponds failed due to being improperly maintained and constructed. As a result of the flooding and the failed silt ponds, debris and excessive water caused substantial damage to the Plaintiffs' property.

The Plaintiffs first argue that Blackhawk and Pine Branch violated a Kentucky Administrative Regulation, which prohibits the escaping of material and other debris. 405 Ky. Admin. Regs. 20:060. Second, the Plaintiffs allege the Defendants failed to reclaim mining properties, further exacerbating damages. Third, the Plaintiffs claim that the Blackhawk and Pine Branch acted in wanton disregard in failing to operate their mines safely. Last, the Plaintiffs allege that their water supply was destroyed because of the Defendants' actions.

With respect to Defendant Kentucky Power Company, the Plaintiffs allege that Kentucky Power Company contracted with Defendant Asplundh for tree cutting and removal in the months prior to the flooding. Asplundh subsequently left the stream and creeks filled with tree remnants, instead of completely removing them from the property. The Plaintiffs argue that Blackhawk and Pine Branch, in conjunction with Kentucky Power Company and Asplundh, contributed to the damages suffered by the Plaintiffs.

The Plaintiffs argue that in violating a variety of Kentucky statutes, the Defendants were negligent per se. In terms of damages, the Plaintiffs allege they have suffered significant property damage, including loss of their residence, having to relocate, emotional distress, loss of personal

property, and loss of vehicles.  The Plaintiffs seek compensatory and punitive damages, but, in accordance with Kentucky, do not state the exact amount of damages.

Plaintiffs are Kentucky residents.  [R. 1 at 3.]  The Mining Defendants are residents of Delaware and the Czech Republic.  *Id.* at 3.  Asplundh Tree Expert is a resident of Pennsylvania and Delaware.  *Id.* at 4.  Kentucky Power Company is a resident of Kentucky.  *Id.*  Defendants filed a notice of removal in this Court based on diversity jurisdiction.  [R. 1.]  Now, Plaintiffs move to remand for want of complete diversity and failure to meet the amount in controversy requirement.  [R. 7.]

**II**

Unless specifically prohibited by Congress, a case filed in state court can be removed to federal court if a United States district court would have original jurisdiction over the action.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions where the amount in controversy is greater than $75,000 and the litigation is between citizens of different states.  *Id.* § 1332(a)(1).  To remove a case, a defendant must file a notice of removal within thirty days of receipt of the complaint.  *Id.* U.S.C. § 1446(b)(1).  In this case, the Plaintiffs dispute both that there is complete diversity and the amount in controversy is over $75,000.

A Court considers whether federal jurisdiction existed at the time of removal.  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996); *Rogers*, 230 F.3d at 872 (additional citations omitted).  Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted).  The

3

defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

The Complaint on its face does not satisfy the complete diversity requirement of 28 U.S.C. § 1332. Plaintiffs are residents of Kentucky. [R. 1-1 at 3.] The mining Defendants are residents of Delaware and the Czech Republic. [R. 1 at 3.] Asplundh is a resident of Delaware and Pennsylvania. *Id.* at 4. Kentucky Power is also considered a resident of Kentucky, which potentially precludes complete diversity in this matter. [R. 1-1 at 2.] Regardless of whether the case is remanded or remains before this Court on the basis of diversity jurisdiction, Kentucky is the forum state, and its substantive law will be followed. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). So long as the case remains in federal court, federal procedural law will govern as applicable, including in establishing the appropriate standards for fraudulent joinder and dismissal. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

**A**

Despite the Complaint's apparent failure to meet diversity requirements, Defendants contend that Kentucky Power was fraudulently joined and that its citizenship should therefore be ignored when determining whether diversity jurisdiction is present. [R. 7.] Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity."[2] *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties." *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010). This doctrine is used by courts "when the non-

---

[2] "Despite its name, fraudulent joinder does not require any showing of improper motive or fraud." *Cammack New Liberty, LLC v. Vizterra, LLC*, No. 3:09–15–DCR, 2009 WL 2043568, at *2 (E.D. Ky. July 13, 2009).

4

removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan, Inc.*, 176 F.3d at 907). If the Plaintiffs' claim has no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Saginaw Hous. Comm'n*, 576 F.3d at 624 (quoting *Coyne*, 183 F.3d at 493).

The mining Defendants, the removing parties, bear the burden of proving fraudulent joinder and must "present sufficient evidence that [the Plaintiffs] could not have established a cause of action against [Kentucky Power] under state law." *Coyne*, 183 F.3d at 493. "[T]he defendant bears a heavy burden to prove fraudulent joinder[.]" *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). Any contested issues of fact or ambiguities in state law should be construed in the non-removing party's favor. *Walker*, 443 F. App'x at 953; *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Indeed, if Plaintiffs' claims against Kentucky Power have "even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (citation omitted).

Defendants have not met their "heavy burden" of establishing that Kentucky Power was fraudulently joined. *Walker*, 443 F. App'x at 953. In their Complaint, Plaintiffs allege that Kentucky Power "contracted with the Defendant, Asplundh, to perform tree cutting and removal services in the weeks and months before the flooding happened." [R. 1-1 at 6.] Plaintiffs further allege that "[a]fter being contracted by Kentucky Power Company, Asplundh's employees left the streams and creeks filled with branches, limbs and trunks of trees instead of removing them from the property." *Id.* They assert that this tortious conduct exacerbated the damage to their property. *Id.* These allegations are the only allegations in the Complaint concerning Kentucky

5

Power. As such, it is reasonable to infer that Plaintiffs seek to hold Kentucky Power vicariously liable for the actions of Asplundh. Whether this is possible depends upon whether Asplundh was retained as an employee or an independent contractor.

Is it well established in Kentucky that an entity is not vicariously liable for the negligence of the employees of its independent contractor. *Williams v. Ky. Dep't of Educ.*, 113 S.W.3d 145, 151 (Ky. 2003), *modified* (Sept. 23, 2003). However, an employer in Kentucky may be vicariously liable for the torts of its employees (and their employees as sub-agents). *Id.* Additionally, Kentucky recognizes causes of action for negligent hiring and supervision as to an employee; but not as to an independent contractor. *Dukes v. Mid-E. Athletic Conf.*, 213 F. Supp. 3d 887, 891 (W.D. Ky. 2016); *Smith v. Ky. Growers Ins. Co.,* No. 2001-CA-001624-MR, 2002 WL 35628958, at *2 (Ky. Ct. App. Nov. 1, 2002). Determining Asplundh's status in this particular case will require a contextualized and fact intensive inquiry.[3] *Ahart*, 667 S.W.3d at 68. Aside from the summary allegations in the Complaint, the Court has no information from which to conduct such an inquiry. In any event, that inquiry is more appropriately left to the Kentucky courts, who are experts on questions of Kentucky law. *See, e.g.*, *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 818 (1989) ("[Q]uestion[s] of state law [fall] within the special expertise of the [state] courts.").

Because Plaintiffs' claims against Kentucky Power carry at least "a glimmer of hope, there is no fraudulent joinder." *Murriel-Don Coal Co.*, 790 F. Supp. 2d at 597 (citation omitted); *Cole*, 728 F. Supp. at 1307 ("'Where there is doubt as to federal jurisdiction, the doubt should be

---

[3] Kentucky considers the following factors in assessing whether an "whether an individual is acting as an employee or independent contractor:" "'the nature of the work as related to the business generally carried on by the alleged employer, the extent of control exercised by the alleged employer, the professional skill of the alleged employee, and the true intentions of the parties.'" *JSE, Inc. v. Ahart*, 667 S.W.3d 60, 68 (Ky. Ct. App. 2020), *aff'd*, No. 2020-SC-0154-WC, 2021 WL 1681239 (Ky. Apr. 29, 2021) (quoting *Chambers v. Wooten's IGA Foodliner*, 436 S.W.2d 265, 266 (Ky. 1969)).

6

construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.'" (quoting *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967))). Therefore, the Court agrees with the Plaintiffs that the case should be remanded for want of complete diversity.

B

Turning to the amount in controversy, the Kentucky Rules of Civil Procedure prohibit plaintiffs from articulating the specific amount that they seek to recover in their complaint. *See* Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court. . . ."). As a result, federal courts sitting in Kentucky are often confronted with state court complaints that fail to pray for a specific amount of monetary relief. To further complicate the situation, Kentucky Rule of Civil Procedure 54.03 provides that plaintiffs may recover more in damages than they seek in their complaint. Ky. R. Civ. P. 54.03(2) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*") (emphasis added). Thus, even if a plaintiff could state the amount of damages sought in her complaint, the ultimate award could still exceed that amount.

An amendment to 28 U.S.C. § 1446 sheds some light on how the amount in controversy should be ascertained in jurisdictions like Kentucky, where one or both of the aforementioned procedural rules makes that determination more difficult. When "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is appropriate if "the district court finds, by the preponderance of the

7

evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B); *see also MacKenzie v. GGNSC Stanford, LLC,* CIV.A. 13–344–KSF, 2013 WL 6191853 at * 2 (E.D. Ky. Nov. 26, 2013); *Proctor v. Swifty Oil Co., Inc.,* 2012 WL 4593409, * 2 (W.D. Ky. Oct. 1, 2012). Thus, because the burden is on the defendant seeking removal, the Defendants must initially show by a preponderance of the evidence that the amount in controversy exceeds this Court's jurisdictional minimum of $75,000. Plaintiffs seek the following damages, all of which are unspecified in the Complaint:

1. Compensatory damages for each of the Plaintiffs as the proof is developed;
2. Compensatory damages for any humiliation, pain and suffering each of the Plaintiffs may have received as a result of the actions described in this Complaint;
3. Compensatory damages for the Plaintiffs having to relocate, loss of well water supply, loss of personal property, diminution or destruction of real property as described elsewhere in this Complaint;
4. Punitive damages against the Defendants for the reckless disregard to the rights of the Plaintiffs; and
5. Any and all other relief deemed appropriate including attorney fees as described elsewhere in this Complaint.

[R. 1-1 at 6-7.] The Defendants argue that the claims could easily surpass $75,000. [R. 1 at 7.] Although the Plaintiffs fail to plead the amount in controversy with any specificity, and the Defendants have not conducted an independent inquiry into the amount, the Court need not reach the issue because the Court has determined the threshold issue of complete diversity is not met.

C

In some instances, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that the purpose of an award of fees and costs under § 1447(c) is to "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter[.]" *Martin v. Franklin Capital*

8

*Corp.*, 546 U.S. 132, 140 (2005). Therefore, the general rule is fee awards are only appropriate where the removing party lacks an objectively reasonable basis for removal. *See Powers v. Cottrel, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (citing *Martin*, 546 U.S. at 140). But, because "district courts retain considerable discretion in awarding attorney fees," a district court may consider whether unusual circumstances exist to warrant a departure from this rule. *Id.*

The Plaintiffs argue that the Defendants lack of "discovery as to the nature of the claim presented against Kentucky Power Company or the amount of damages being sought" provides support for the imposition of attorney fees. [R. 7-3 at 2.] Although this Court finds that remand is appropriate here, the Court will not award costs to Plaintiffs. The Court cannot say the Defendants' removal arguments were so objectively unreasonable as to warrant the award of attorney fees. Defendants' arguments for the application of fraudulent joinder, although it "did not carry the day, were at least reasonable arguments." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 600 (E.D. Ky. 2011). Accordingly, the Court declines to exercise its discretion to award attorney fees to the Plaintiffs.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiffs' Motion to Remand **[R. 7]** is **GRANTED** and this case is **REMANDED** to Breathitt Circuit Court;

2. Plaintiffs' Request for Attorney Fees **[R. 7]** is **DENIED**; and

3. This matter is **STRICKEN** from the Court's active docket.

This the 8th day of February 2024.

Gregory F. Van Tatenhove
United States District Judge